Opinion filed August 22, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00250-CV

_____

## DONALD DAVIS, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE ET AL., Appellees

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 022544**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the dismissal of a pro se, informa pauperis lawsuit brought by inmate Donald Davis against the Texas Department of Criminal Justice (TDCJ) and a TDCJ mailroom employee. We dismiss the appeal.

Davis filed his original petition against TDCJ. Three days later, he filed an amended pleading in which he named both TDCJ and mailroom official S. Leal as

defendants; Leal was sued in his individual and official capacities. Davis alleged, among other things, that the defendants withheld a publication entitled "Blackmen Collection Edition" for "racial discriminatory" reasons. After Davis had amended his pleadings to add Leal as a defendant, the trial court entered a judgment in "**DONALD DAVIS**, TDCJ#1326046, PLAINTIFF, **V. TDCJ** DEFENDANT." Pursuant to Chapter 14[1] of the Texas Civil Practice and Remedies Code, the trial court dismissed all claims brought by Davis against "Defendants the Texas Department of Criminal Justice." The judgment, however, did not mention S. Leal.

Consequently, we agree with Davis's assertion in his amended reply brief that "there is no judgment which pertains to Defendant S. Leal." Except for "a few mostly statutory exceptions," this court's jurisdiction is limited to appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We determine whether a judgment is a final, appealable judgment based on the language in the judgment and the record of the case. *Id.* A judgment is final and appealable if it disposes of all parties and all claims in the case. *Id.* Because there is nothing in the record disposing of or severing Davis's claims against Leal, the judgment from which Davis attempts to appeal is not final and appealable. Therefore, we have no jurisdiction to consider this appeal.

The appeal is dismissed for want of jurisdiction.

PER CURIAM

August 22, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

---

[1]TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002 & Supp. 2012).

2